CLERK'S COPY

FILED
AT ALBUQUERQUE NM
MAY 17 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARRYL ANTHONY KELLY,

    Plaintiffs,

v.    No. CIV-99-0087 LH/DJS

SANDOVAL COUNTY DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three claims under the Eighth and Fourteenth Amendments. First, Plaintiff alleges he injured his finger, for which medical staff prescribed soaking the finger in warm



water. He later complained of continuing discomfort and requested an x-ray, which was denied until a month later. The x-ray revealed a fracture and Plaintiff was sent to an orthopedic surgeon. The surgeon recommended against surgery because too much time had passed. Plaintiff claims he has lost partial motion in the finger. An additional allegation in Claim I is that Plaintiff was denied a special diet which had been prescribed by the "inhouse doctor" for Plaintiff's ulcer.

In Claim II Plaintiff alleges he was placed in lockdown "after a physical confrontation," while the two Hispanic inmates involved in the incident remained in the general population. He claims this treatment constituted racial discrimination. Plaintiff's third claim is that restrictions on telephone usage have a discriminatory negative impact on "Americans." This claim is based on the allegation that inmates can only charge international and not domestic calls. Because "the overwhelmingly majority of inmates originate from Mexico," "American" inmates are denied this "money saving" benefit. Plaintiff alleges he has exhausted administrative remedies, and he seeks damages.

No relief can be granted on Plaintiff's claim arising from his injured finger. Plaintiff received prompt treatment but the injury was misdiagnosed. The misdiagnosis and incorrect treatment by medical personnel may support a claim for medical malpractice but not for violation of Plaintiff's right to be free from cruel or unusual punishment under the Eighth Amendment.

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *cf. Farmer v. Brennan*, 511 U.S. 825, 847 (1994). This claim will be dismissed.

Plaintiff's allegations of racial discrimination do not support claims for violation of the Equal Protection Clause. First, Plaintiff, who is African-American, alleges he was the only person placed in

2

lockdown after he had a fight with two Hispanic inmates. Because this claim is based on "insufficient conclusionary statements," *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980); *Frazier v. DuBois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990), regarding a single incident, Plaintiff's allegations do not support an "inference of unlawful discrimination." *Elmore v. Capstan, Inc.*, 58 F.3d 525, 532 (10th Cir. 1995) (quoting *Sanchez v. Philip Morris Inc.*, 992 F.2d 244, 247 (10th Cir.1993)). Plaintiff makes no allegation that his lockdown was "not reasonably related to a legitimate goal," *Bell v. Wolfish*, 441 U.S. 520, 539 (1979), and courts should not become "enmeshed in the minutiae of prison conditions." *Id.* at 562. This claim will be dismissed. Likewise, Plaintiff's allegation that restrictions on long-distance telephone calls discriminate against Americans is simply too attenuated to warrant litigation. *Martinez v. Mesa County Sheriff*, 69 F.3d 548, 1995 WL 640302 (10th Cir.1995) (prisoner "has no constitutional right to make personal telephone calls") (unpublished table decision); *cf. Arney v. Simmons*, 26 F. Supp.2d 1288, 1293 (D. Kan. 1998) (upholding telephone restrictions on "rational relationship" basis); *Taylor v. Rogers*, 781 F.2d 1047, 1050 (4th Cir. 1986) (same). These claims will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's Eighth Amendment claim based on treatment of his injured finger, and his Fourteenth Amendment claims, are DISMISSED; Defendant Sandoval County Detention Center is DISMISSED as a party to this action; the Clerk is directed to add Administrative Deputy Director Sanchez to the caption as a named Defendant on Plaintiff's remaining Eighth Amendment claim for denial of a prescribed diet; and summons, with notice and waiver forms, shall be issued for Defendant Sanchez in his individual capacity.

_____
UNITED STATES DISTRICT JUDGE

3